SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO.<br>CV09683055 | D12 CM | SUMMONS NO.<br>13262771 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| RAY FELLOWS | **PLAINTIFF** |
| vs | |
| ALLIED GLOVE CORPORATION - ET AL. | **DEFENDANT** |

**SUMMONS**

FOSTER WHEELER LLC SURVIVOR TO A
MERGER WITH FOSTER WHEELER
CORPORATION
PERRYVILLE CORPORATE PARK
CLINTON NJ 08809-4000

You have been named defendant in a complaint
(copy attached hereto) filed with Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service of
this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:



Plaintiff's Attorney

MARK C MEYER
1030 FIFTH AVE 3RD FL

PITTSBURGH, PA 15219-6295

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

NANCY R. MCDONNELL ASBESTOS
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Jan 27, 2009 |
| --- |

By _____
Deputy

COMPLAINT FILED   01/26/2009

CMSN130

Exhibit A

**CV-09-683055**

 **LexisNexis™**

## ELECTRONIC FILING ALERT

This Complaint has been filed electronically via LexisNexis™ File & Serve®. All subsequent filings must be filed via the File & Serve system.  Instructions for how to become a subscriber to LexisNexis File & Serve are contained below.

Single Case Complaint Filing – Case No. __**CV-09-683055**__

For ease in filing any subsequent filings to the cases opened by a Consolidated Complaint, please file in:
**Case Group** _____**Cons. Complaint.**
*Example: (461001-461050 Smith Cons Complaint)*

If your firm is not already registered with LexisNexis File & Serve, and you want to complete registration, go to the LexisNexis website @ **www.lexisnexis.com/fileandserve**. Click the **Sign Up** button. Complete the information on each of the registration screens. During the registration process you will be able to view our system requirements and "Terms and Conditions" information.

**Important Registration Information:**

- During the registration process, you will be asked to enter information for all the individuals in your firm for whom you would like a user name and password issued.
- Sign up any attorneys from your firm that are participating in electronic filing cases at this time. For example, if you are a support staff member, do not just register yourself, also register the attorneys of record for each electronic filing case in your firm.
- If you forget any users, DO NOT fill out another subscription request form. Instead, use your new login and password and **Add New Users** via the Firm Profile option in the application.
- **CLAD IDs** and passwords will not work in File & Serve. You must re-register for File & Serve. More than one person at your firm can have user names and passwords for File & Serve. We recommend you do not share passwords with each other with File & Serve.

**Pricing and Billing:**

To view pricing information, please contact Kevin Kennedy, Account Executive at 1.216.320.2198.

Your firm is billed monthly for transactions you submit, Alerts, and documents you purchase from LexisNexis File & Serve. Statutory filing fees are invoiced with your monthly bills **ONLY IN CERTAIN JURISDICTIONS.** Check each court's local rules to determine whether or not statutory fees are billed with your invoices. A link to e-filing rules is available at www.lexisnexis.com/fileandserve.

For more information about LexisNexis File & Serve, please contact Kevin Kennedy at 1.216-320-2198 or contact File & Serve Customer Service at a **1.888.529.7587.**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

2/6/09
#10014076

# COMPLAINT

### (ASBESTOS PERSONAL INJURY)

**RAY FELLOWS**
**57 Maple Street**
**P.O. Box 487**
**Smithfield, OH  43948**

CASE NO. _CV-09-683055_
_1-26-2009_

**Plaintiff,**

vs.

**ALLIED GLOVE CORPORATION**
c/o Stephen R. Mlinac, Esquire
 Swartz Campbell
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA  15219

**ANCHOR PACKING COMPANY**
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

**A.O. SMITH CORPORATION**
in its own right and as
successor-in-interest to
The Clark Controller Company and
A.O. Smith Corporation
c/o Prentice-Hall Corporation System
50 West Broad Street, Suite 1800
Columbus, OH  43215

**A. W. CHESTERTON COMPANY**
Joseph E. Riley
c/o A. W. Chesterton Co.
500 Unicorn Park Dr.
5th floor
Woburn, MA 01801

**CBS CORPORATION**, successor by merger
To Westinghouse Electric Corporation, CBS
Corporation and Viacom, Inc.
c/o CSC Lawyers Incorporating Service
50 W. Broad St., Suite 1800
Columbus, OH 43215

**CRANE CO.**
100 First Stamford Place
Stamford, CT 06902

**DEZURIK, INC.**
c/o Karen Carriker
SPX Corporation
13515 Ballantyne Corporate Place
Charlotte, NC 28277

**EICHLEAY CORPORATION**
Corporation Trust Company
1209 Orange Street
Wilmington DE 19801

**ELLIOTT COMPANY**
f/k/a Elliott Turbomachinery Co.
901 North 4th Street
Jeanette, PA 15664

**FABRI-VALVE**
Division of ITT Grinnell Valve Company, Inc.
ITT Fluid Technology Corporation
FTC Headquarters
10 Mountainview Road
Upper Saddle River, NJ 07458
Attn: Menotti Lombardi

**F.B. WRIGHT COMPANY OF PITTSBURGH**
98 Vanadium Road
Bridgeville, PA 15017

2

**FOSTER WHEELER, LLC**
survivor to a merger with Foster Wheeler Corporation
f/k/a/ **FOSTER WHEELER CORP.**
Perryville Corporate Park
Clinton, NJ 08809-4000

**GARLOCK SEALING TECHNOLOGIES, LLC**
f/k/a **GARLOCK, INC.,**
c/o CT Corporation System
1300 E. Ninth Street, Suite 1010
Cleveland, OH 44114

**GENERAL ELECTRIC COMPANY**
c/o CT Corporation System
One Corporate Center
Floor 11
Hartford, CT 06103-3220

**GENERAL REFRACTORIES COMPANY**
One Bala Ave., Suite 10
Bala Cynwyd, PA 19004

**GEORGE V. HAMILTON, INC.**
River Avenue
McKees Rocks, PA 15136

**GOODRICH CORPORATION,**
f/k/a **The B.F. GOODRICH COMPANY, INC.**
c/o CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, OH 43215

**THE GOODYEAR TIRE & RUBBER COMPANY**
c/o CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, OH 43215

**GOULDS PUMPS, INC.**
c/o James Durkin
1761 Highland Rd.
Twinsburg, OH 44087

**GREENE TWEED & CO.**
P.O. Box 305
Kulpsville, PA 19443

3

**IMO INDUSTRIES, INC.,**
f/k/a IMO DeLaval, DeLaval, Inc.
f/k/a DeLaval Turbine, Inc.,
DeValco Corporation, and as successor to
Warren Pumps, Inc.
c/o CT Corporation System
1009 Lenox Drive
Lawrenceville, NJ 08648-0550

**INGERSOLL-RAND**
c/o CT Corporation System – Statutory Agent
1300 E. Ninth Street, Suite 1010
Cleveland, OH 44114

**INSUL COMPANY, INC.**
c/o Joni M. Mangino, Esquire
Zimmer Kunz
3300 USX Tower
Pittsburgh, PA 15219-2702

**J.H. FRANCE REFRACTORIES COMPANY,**
1944 France Road,
Snow Shoe, PA 16874

**LOCKHEED MARTIN CORPORATION
(Formerly Martin Marietta Corporation)**
c/o CSC Lawyers Inc.
50 West Broad Street, Suite 1800
Columbus, OH 43215

**OGLEBAY NORTON COMPANY**
a/k/a Oglebay Norton Engineered Materials,
a/k/a ON Marine Services, Inc., and its division
The Ferro Engineering Division
c/o CT Corporation System
116 Pine St., Suite 320
Harrisburg, PA 17101

**OWENS-ILLINOIS, INC.,**
One Michael Owens Way
Perrysburg, OH 43551-2999

**THE SAGER CORPORATION,**
c/o Richard Polley, Esquire
Dickie, McCamey & Chilcote
400 Two PPG Place
Pittsburgh, PA 15222

**SURFACE COMBUSTION, INC.**
c/o Richard R. Malone
7654 West Bancroft Street
Toledo, OH 43617

**TRANE U.S., INC.**
**f/k/a AMERICAN STANDARD, INC., and its division,**
in its own right and as successor to Westinghouse Airbrake and/or WABCO
P.O. Box 6820
One Centennial Avenue
Piscataway, NJ 08855-6820

and

**TRANE U.S., INC.**
**f/k/a AMERICAN STANDARD, INC.**
c/o CT Corporation System
36 East 7th Street Suite 2400
Cincinnati, OH 45202-4459

**TRECO CONSTRUCTION SERVICES,**
**f/k/a THE RUST ENGINEERING CO.**
c/o CT Corporation System
1300 E. 9th Street, Suite 1010
Cleveland, OH 44114

**WARREN PUMPS, INC.**
82 Bridges Avenue
Warren, MA 01083

**YARWAY CORPORATION**
c/o CT Corporation System
1300 East Ninth Street
Cleveland, OH 44114

**JOHN DOES 1-100**
Manufacturers, Sellers or
Installers of Asbestos-Containing
Products.

      Defendants.

## COMPLAINT

1.      This Complaint is filed pursuant to the Standing Order Regarding Asbestos Personal Injury Complaints.

2.      Plaintiff brings this action on his own behalf.

3.      The plaintiff worked at Wheeling-Pittsburgh Steel, Steubenville from 1950-1952, and 1956-1958. The plaintiff was diagnosed with lung cancer August 27, 2008.

4.      As a direct and proximate result of defendants' conduct as more fully described herein plaintiff incurred medical and hospital expenses and sustained pain and suffering as a result of his injuries.

5.      During the period of time he was employed as previously stated, plaintiff was exposed to and did inhale asbestos dust and asbestos fibers released from defendants' asbestos-containing products, which caused the conditions as hereinafter set forth, directly and proximately resulting in his disability.

6.      The plaintiff as a direct and proximate result of the defendants' conduct as more fully described herein has contracted asbestosis and asbestos-related lung cancer, which caused great pain, suffering and severe mental anguish.

7.      As a direct and proximate result of defendants' conduct as more fully described herein, the spouse individually and in her own right experienced severe emotional distress, loss of support from the reasonably expected earning capacity of the plaintiff; loss of services of the plaintiff, loss of society of the plaintiff, including but not limited to loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education; and loss of prospective inheritance.

7

8. (a).  The defendants are either Ohio Corporations or are foreign corporations either incorporated under the laws of another state or organized under the laws of a foreign country and are qualified to do business in Ohio.

8. (b).  The real names and addresses of defendants John Does 1-100 manufacturers, sellers or installers of asbestos-containing products have not been determined, despite reasonable efforts of the plaintiff to do so.

9.  Defendants, at all times relevant and pertinent hereto, were engaged in the business of mining, milling, manufacturing, fabricating, designing, formulating, producing, creating, making, constructing, assembling and/or rebuilding asbestos-containing products or components thereof; and/or selling, distributing, preparing, blending, packaging, labeling, and/or otherwise participated in placing asbestos-containing products in the stream of commerce to which plaintiff was exposed during his employment.

10.  During the period of time he was so employed, the plaintiff was exposed to and did inhale asbestos dust and asbestos fibers released from the asbestos-containing products of defendants and/or their predecessors-in-interest, which directly and proximately caused to contract asbestos-related lung cancer with associated complications, which resulted in disability.

11.  The plaintiff's disease as set forth herein with associated complications were directly and proximately caused by the acts of the defendants acting through their agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of said defendants, and the defendants are liable therefore, jointly and severally.

## CLAIM I - STRICT LIABILITY FOR DEFECTIVE DESIGN

12.  All prior allegations are incorporated by reference as if fully rewritten herein.

8

13.     At all times relevant herein, including the times they left defendants' control and were put into commerce, asbestos-containing products and/or their component parts and ingredients were defective in design or formulation of the products exceeded the benefits associated therewith; and/or the products were more dangerous than an ordinary consumer, user, mechanic, laborer or installer of defendants' products would expect when used in a manner that were intended or reasonably foreseeable by the defendants.

14.     The defendants participated in placing in commerce asbestos-containing products which they knew were defective and/or unreasonably dangerous to the user or consumer, and acted in flagrant disregard for the safety of persons who might be harmed by their products.

15.     As a direct and proximate result of the acts of the defendants, the plaintiff suffered the injuries and damages as alleged herein, and the defendants are liable therefore, jointly and severally, to the plaintiff in strict liability for the defective design of their products at common law and pursuant to R.C. 2307.71 et seq.

## CLAIM II - STRICT LIABILITY FOR FAILURE TO WARN

16.     All prior allegations are incorporated by reference as if fully rewritten herein.

17.     Defendants' products were defective due to inadequate warning or instruction at the time of marketing in that defendants knew or, in the exercise of reasonable care, should have known about risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood of harm and likely seriousness of that harm.

18.     Alternatively, the asbestos-containing products were defective due to inadequate post-marketing warning or instruction in that at relevant times after the products left the defendants' control, defendants knew or, in the exercise of reasonable care, should have known about risks associated with the products and failed to provide reasonable and/or adequate post-marketing

9

warning or instruction in the exercise of reasonable care in light of the likelihood of harm and likely seriousness of that harm.

19.     The use of defendants' products causing the injuries and damages sustained by plaintiff were reasonably foreseeable by defendants.

20.     The defendants participated in placing in commerce asbestos-containing products which they knew were defective, and acted in flagrant disregard for the safety of persons who might be harmed by their products.

21.     As a direct and proximate result of the defective aspect(s) of the defendants' asbestos-containing products, plaintiff sustained the injuries and damages as alleged herein, and the defendants are liable therefore, jointly and severally, to the plaintiff in strict liability for their failure to warn at common law and pursuant to R.C. 2307.71 et seq.

## CLAIM III - NEGLIGENCE

22.     All prior allegations are incorporated by reference as if fully rewritten herein.

23.     Defendants owed a duty of due care to plaintiff in designing, manufacturing, distributing, selling, installing, repairing, handling, tearing out, or otherwise putting into the stream of commerce the asbestos-containing products at issue.

24.     Defendants, at the time of designing, manufacturing, distributing, selling, installing, repairing, handling, tearing out, or otherwise placing the asbestos-containing products into the stream of commerce, knew, or in the exercise of reasonable care, should have known, about risks associated with the products. Defendants were negligent and breached their duty of due care to plaintiff by taking or failing to take the following actions in light of the reasonably foreseeable dangers caused by their design, manufacture, sale, distribution, installation, repair, handling, tear out, or other activity in placing the asbestos-containing products at issue in the stream of commerce:

10

a. Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations which should have been designed to provide to plaintiff knowledge about the hazards caused by exposure to the dust, and how to eliminate the hazards;

b. Failing to provide adequate product inserts, informative brochures, employee training literature, posters, hazard tags, and other written materials which should have been designed to provide to workers knowledge about the hazards caused by exposure to dust, and how to eliminate the hazards;

c. Failing to conduct on-site personnel training sessions with dust exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the dust, and how to eliminate the hazards;

d. Failing to adequately test and research the products at issue as to the dusts hazards created during their use and degeneration, and failing thereafter to provide the results of such tests and research to exposed workers;

e. Failing to inspect the work places in which their products were being used so as to determine whether the products used were deleterious to the health of exposed workers;

f. Failing to design, process and transport their products in a manner intended to minimize liberation of asbestos dust during normal handling and use;

g. Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, or other industrial hygiene controls should be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

h. Failing to eliminate asbestos as a constituent of their products and substitute less hazardous ingredients;

11

i.      Failing to recall their products;

j.      Failing to take adequate precautions and industrial hygiene measures to protect plaintiff and exposed workers when installing, repairing, or tearing out asbestos-containing products including, but not limited to, providing protection from dust emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to plaintiff and workers in the facilities at issue that exposure to dust was hazardous; failing to use wet-down procedures; failing to adequately clean up debris from the installation, repair and/or removal process; and failing to take other appropriate safety and industrial hygiene measures.

k.      Otherwise failing to act reasonably under the totality of the circumstances.

25.     The hazards posed by the asbestos-containing products at issue and the resulting injuries and damages to plaintiff were reasonably foreseeable, or should have been reasonably foreseeable, by defendants.

26.     As a direct and proximate result of defendants' negligence, plaintiff sustained the injuries and damages as alleged herein, and defendants are liable, therefore, jointly and severally, to the plaintiff in negligence at common law and as otherwise allowed under Ohio law.26.

## CLAIM IV - BREACH OF WARRANTY

27.     All prior allegations are incorporated by reference as if fully rewritten herein.

28.     At the time they left defendants' control, the asbestos-containing products were defective due to their failure to conform to representations of the defendants, including express and implied representations as to the safety, quality and fitness for purpose of the products and representations as to scientific data and research showing safety, quality and fitness for purpose of the products.

29.     Defendants' conduct was in flagrant disregard of the safety of persons who might be

12

harmed by the product.

30.     As a direct and proximate result of the defendants' products' failure to conform to express and implied warranties made by defendants, plaintiff sustained the injuries and damages alleged herein, and the defendants are liable therefore, jointly and severally, to the plaintiff for breach of implied and express warranties at common law and pursuant to R.C. 2307.71 et seq.

## CLAIM V - CONSPIRACY, CONCERT OF ACTION
## AND COMMON ENTERPRISE

31.     All prior allegations are incorporated by reference as if fully rewritten herein.

32.     Defendants, individually, together and/or as a group, along with their insurers, and other companies beyond the reach of this court due to bankruptcy or orders of the federal courts prohibiting the bringing of any cause of action against them (hereinafter THE ASBESTOS INDUSTRY) have possessed since 1929, medical and scientific data which indicated that asbestos-containing products were hazardous to health. Prompted by pecuniary motives, the defendants, individually, together, with their insurers and/or as a group, willfully and wantonly ignored and/or failed to act upon said medical and scientific data. Rather, they conspired together to deceive the public in several aspects: by controlling industry-supported research in a manner inconsistent with the health and safety interest of asbestos users and consumers; by successfully tainting reports of medical and scientific data appearing in industry and medical literature; by suppressing the dissemination of certain medical and scientific information relating to the harmful effects of exposure to asbestos-containing products; and by prohibiting the publication of certain scientific and medical articles. Such conspiratorial activities deprived the users, mechanics, laborers and installers of defendants' asbestos products of the opportunity to determine whether or not they would expose themselves to the unreasonably dangerous asbestos products of said defendants. As a direct and

13

proximate result of the aforesaid actions, plaintiff was exposed to asbestos dust and fibers and

contracted asbestos-related lung cancer and other asbestos related diseases.

33.     THE ASBESTOS INDUSTRY has conspired together to deceive the public and the

plaintiff in several aspects, including, but not limited to:

a.      Controlling industry supported research in a matter inconsistent with the health and safety interests of the products' users and consumers.

b.      Successfully tainting reports of medical and scientific data appearing in industry medical literature.

c.      Suppressing certain medical scientific information relating to the harmful effects of exposure to asbestos-containing products.

d.      Prohibiting the publication of certain scientific and medical articles.

e.      THE ASBESTOS INDUSTRY, knowing such statements to be patently false, knowingly conspired to positively assert that the asbestos products were safe to work with or around.

f.      THE ASBESTOS INDUSTRY, knowing that harm would occur, caused workers, such as the plaintiff, to remain ignorant of the harmful effects of asbestos products with which they worked or around which they worked.

g.      One or more members of THE ASBESTOS INDUSTRY refused to warn their employees, the government, the public, the employers of people such as the plaintiff about the hazards of asbestos.

h.      Two or more members of THE ASBESTOS INDUSTRY agreed in writing not to disclose the results of research regarding the effects of exposure to asbestos unless the results suited their own selfish and malicious pecuniary interests.

i.      The statements made by THE ASBESTOS INDUSTRY constituted false statements of material

14

facts.

j.    THE ASBESTOS INDUSTRY, at the time the statements were made, knew or believed the statements made were false.

k.    THE ASBESTOS INDUSTRY intended that the government, the public, the plaintiff would act in reliance of the false statements previously stated.

l.    The public and plaintiff, acted in reliance on the truth of statements made that asbestos were safe for its intended and reasonably foreseeable uses.

m.    The Plaintiffs' injuries, as previously stated, were directly and proximately caused by the reliance upon the false statements by THE ASBESTOS INDUSTRY.

34.    Once the knowledge and evidence of the dangers of asbestos products escaped the control of the defendants and their insurers the defendants, their insurers, and other companies beyond the reach of this court due to bankruptcy or orders of the federal courts prohibiting the bringing of any cause of action against them continued to conspire to deceive the public, the courts and the government about the magnitude of the potential harm. The defendants and their insurers have conspired to hide or destroy evidence, lie to the courts and the public about their financial status, and have continued in their attempts to influence and manipulate the medical literature being published.

35.    Additionally, THE ASBESTOS INDUSTRY, directly and through their agents, created fraudulent defenses to prevent persons, such as the plaintiff, who was harmed by their products and mislead by the conspiratorial and fraudulent actions of the defendants and their insurers, from receiving due compensation for their injuries. Even after the courts and the public have become aware of the conspiratorial and fraudulent activities of the defendants and their insurers the defendants and their insurers continue in their ongoing conspiracy to this very day.

15

36.     The conduct of THE ASBESTOS INDUSTRY were and are in a flagrant disregard for the rights and safety of persons who might be harmed by their products and to those persons, like the plaintiff, who has been harmed by their products.

37.     As a direct and proximate result of the fraudulent and conspiratorial conduct of THE ASBESTOS INDUSTRY, plaintiff sustained the injuries and damages alleged, for which the defendants are jointly and severally liable for their conspiratorial and fraudulent enterprise, at common law and pursuant to R.C. 2307.71 et seq.

## CLAIM VI - ALTERNATIVE LIABILITY

38.     All prior allegations are incorporated by reference as if fully rewritten herein.

39.     The Defendants, and at least two of them, committed the tortious acts complained of herein.

40.     Due to the indivisible nature of the injury suffered by the plaintiff, Plaintiff is unable to adequately identify which of the Defendants who sold or otherwise injected into the stream of commerce the exact and specific asbestos product which caused the indivisible injuries complained of herein. That inability is not through any fault of the Plaintiff or due to any fault of the plaintiff.

41.     The named Defendants and those that are beyond the reach of this action due to bankruptcy or orders of federal judges prohibiting the bringing of any cause of action in this court for the injuries complained of herein, sold or otherwise injected into the stream of commerce the asbestos products present in the Plaintiff's environment to which the plaintiff was thereby exposed.

42.     All of the asbestos products sold, produced or otherwise injected into the stream of commerce were virtually identical in that they all shared a common defect, that being the inclusion of respirable asbestos within the product.

43.     For the acts of the of the defendants stated herein, the defendants each individually

16

and alternatively liable to the plaintiff for the injuries herein stated, for which the defendants are liable at common law and pursuant to R.C. 2307.71 et seq.

## CLAIM VII - MARKET SHARE LIABILITY

44.    All prior allegations are incorporated by reference as if fully rewritten herein.

45.    The named defendants and those set forth above that are under the protection of federal courts, sold, promoted or otherwise participated in the injecting of asbestos products into the stream of commerce which constituted a substantial share of all the asbestos containing products in the state of Ohio.

46.    Respirable asbestos fibers emitted by defendants' products are completely fungible materials incapable of being distinguished one from the other when inhaled by the plaintiff, as the asbestos fibers were in fact inhaled.

47.    As a direct and proximate cause of the contributing to said substantial share of the asbestos market of Ohio by any or all of the defendants, any and all of the defendants have caused damage to the plaintiff and plaintiff as herein described, for which the defendants are liable at common law and pursuant to R.C. 2307.71 et seq.

## CLAIM VIII - PUNITIVE DAMAGES

48.    All prior allegations are incorporated by reference as if fully rewritten herein.

49.    The defendants' actions as stated herein constitute a flagrant disregard for the rights and safety of the public and the plaintiff for which they are liable for punitive damages.

**WHEREFORE,** Plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of $25,000.00 that will fully and fairly compensate plaintiff for injuries and will serve the ends of justice to punish and deter defendants for their acts, together with costs, attorney fees and any other relief to which plaintiff may be entitled.

17

**JURY TRIAL DEMANDED AS TO ALL COUNTS.**

JOHN J. DUFFY & ASSOCIATES

By: /s/ By Consent

John J. Duffy, Esquire (0032839)
Brendan Place
23823 Lorain Road, Suite 270
North Olmsted, OH 44070
(440) 779-6636

GOLDBERG, PERSKY & WHITE, P.C.

By:

Mark C. Meyer, Esquire
(Motion for admission pro hac vice)
Joseph J. Cirilano, Esquire
Ohio Bar ID #0080038
1030 Fifth Avenue
Pittsburgh, PA 15219
(412) 471-3980

ATTORNEY FOR THE PLAINTIFFS

18

## PLAINTIFF'S COMPLAINT BROCHURE
### Ray Fellows vs. Allied Glove Corp., et al
### Wheeling –Pittsburgh Steel 1950-1952 & 1956-1958
### U.S. Navy 1952-1956
### Diagnosed with lung cancer on 8/27/2008

## LIST OF DEFENDANT PRODUCTS THAT WILL BE IDENTIFIED

### RESERVATION OF RIGHTS

The following information on defendant's products to be identified has been compiled as a result of plaintiff's ongoing investigation and is necessarily incomplete. The information on defendant's products is derived from a number of sources including client communications, co-worker interviews, depositions, affidavits, interrogatories, defendant document productions, non-party discovery and multiple other sources. Plaintiff's investigation is ongoing and undoubtedly will uncover additional asbestos containing materials that defendants sold, supplied, manufactured or used. Plaintiffs reserve the right to supplement, amend, and revise their disclosure of defendant's products as additional information becomes available.

| DEFENDANT | ASBESTOS-CONTAINING PRODUCT |
|---|---|
| **ALLIED GLOVE CORPORATION** | Asbestos hand wear. |
| **ANCHOR PACKING COMPANY** | Gaskets and rope packing. |
| **A.O. SMITH CORPORATION** in its own right and as successor-in-interest to The Clark Controller Co. and A.O. Smith Corp. | Asbestos brakes and asbestos electrical control equipment. |
| **A.W. CHESTERTON** | Gaskets. |
| **CBS CORPORATION**, successor by merger to **Westinghouse Electric Corporation and Viacom, Inc.** | All asbestos insulation appurtenant to turbines including block, pipe coverings, cement, blankets, gaskets and packing, asbestos containing brakes and WESCO supplied asbestos wire. |
| **CRANE CO.** | Asbestos gasket and packing |
| **DEZURIK** | Asbestos gaskets and packing. |
| **EICHLEAY CORP.** | Designer, contractor and supplier of materials for furnaces and related equipments at steel mills and other industrial sites. |

| | |
|---|---|
| **ELLIOTT TURBOMACHINERY** | Turbines, pumps, valves, power generating equipment and electrical components. |
| **FABRI-VALVE** | Valves |
| **F. B. WRIGHT CO. OF PGH.** | Contractor and supplier of various asbestos-containing products, including insulation. |
| **FOSTER WHEELER CORPORATION** | Asbestos-containing insulation and other asbestos-containing material appurtenant to boilers and other vessels installed in a steel mill environment. |
| **GARLOCK SEALING TECHNOLOGIES** | Gaskets and rope packing. Blankets. |
| **GENERAL ELECTRIC** | Asbestos-containing turbines, electrical motors, wire/cable, control boards and related equipment. |
| **GENERAL REFRACTORIES CO.** | Various asbestos-containing refractory products. |
| **GEORGE V. HAMILTON, INC.** | Asbestos block, pipe coverings, cement, cloth and paper. |
| **GOODRICH CORP. f/k/a THE B.F. GOODRICH CO.** | Asbestos gaskets, asbestos floor tile an asbestos-containing hoses. |
| **THE GOODYEAR TIRE & RUBBER COMPANY** | Asbestos gaskets and brakes. |
| **GOULDS PUMPS** | Asbestos-containing pumps and related equipment. |
| **GREENE TWEED & COMPANY** | Palmetto rope gaskets. |
| **IMO INDUSTRIES** | Pumps, valves, gaskets and packing. |
| **INGERSOLL-RAND** | Asbestos gaskets, packing, pumps, compressors, valves. |
| **INSUL COMPANY, INC.** | Asbestos-containing hot tops. |
| **J.H. FRANCE REFRACTORIES CO.** | Asbestos-containing refractory products. |

2

| | |
|---|---|
| **LOCKHEED MARTIN CORPORATION (Formerly Martin Marietta Corporation)** | Dum-Dum Caulking |
| **OGLEBAY-NORTON CO.** | Asbestos-containing hot tops. |
| **OWENS-ILLINOIS, INC.** | Asbestos pipe coverings and block. |
| **THE SAGER CORPORATION** | Asbestos hand wear. |
| **SURFACE COMBUSTION** | Furnaces and boilers. |
| **TRANE U.S.., INC. f/k/a AMERICAN STANDARD, INC., and its division, in its own right and as successor to Westinghouse airbrake and /or WABCO** | Asbestos brake shoes and asbestos brake linings. |
| **TRECO CONSTRUCTION SERVICES F/K/A THE RUST ENGINEERING CO.** | Designer, contractor and supplier of industrial furnaces and related equipment. |
| **WARREN PUMPS** | Pumps, valves and asbestos packing and gaskets. |
| **YARWAY CORP.** | Pumps, valves, steam traps, asbestos packing and gaskets. |

**END OF BROCHURE**

3



CERTIFIED MAIL

FOLD BACK THEN TEAR OUT



7112 8144 1491 3262 7735

**RETURN RECEIPT REQUESTED**

SHOWING TO WHOM, DATE AND ADDRESS WHERE DELIVERED

FOSTER WHEELER LLC SURVIVOR TO A MERGER WITH FOSTER
WHEELER
CORPORATION
PERRYVILLE CORPORATE PARK
CLINTON NJ 08809-4000