## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Ray Fellows,                                                        Case No. 3:09CV10015

        Plaintiff,

    v.                                                              ORDER

Foster Wheeler LLC, et al.,

        Defendant,


This is an asbestos product liability case in which the defendant Foster Wheeler, LLC, filed a notice of removal in the Cuyahoga County, Ohio, Court of Common Pleas. Pending is plaintiff's motion to remand [Doc. 10], which defendant opposes. [Doc. 15].

Defendant based its notice of removal on 28 U.S.C. § 1442(a)(1), which permits removal by a defendant which contends that it conducted the acts giving rise to this lawsuit at the direction of a person acting under the authority of an officer of the United States. In his motion to remand, plaintiff contends that defendant has not sufficiently substantiated that contention, and thus is not entitled to removal.

Defendant's opposition provides ample substantiation to establish at this stage that, among other defenses, it will be asserting a colorable government contractor defense. No more is needed to overcome the motion to remand.

This is certainly so given the fact that plaintiff did not file a reply to defendant's contentions and supporting documentation.

This is, no doubt, not the first time this defendant has been sued for work allegedly done several decades ago on Navy ships, and thus, to some degree of likelihood, at government direction. Had there been any merit to plaintiff's contentions that removal under § 1442(a)(1) was not proper, some other court would have said so by now. It has not, and plaintiff has not shown any reasonable basis for doubting that defendant has a colorable government contractor defense.

While in this instance I will not call on plaintiff to show cause why it should not be assessed costs under Fed. R. Civ. P. 11, doing so might be appropriate in future instances where easily refutable challenges are made to removal by this defendant in a similar case.

For now, it suffices to say that defendant's opposition to the remand motion shows more than adequate grounds for keeping this case in this court. For the reasons stated therein and in this order, it is

ORDERED THAT:

1. Plaintiff's motion to remand [Doc. 10] be, and the same hereby is overruled;

2. The Clerk shall reassign this case by random draw to the docket of a District Judge in this Court's Eastern Division.

So ordered.

/s/ James G. Carr
Chief Judge

*Case reassigned to Judge James S. Gwin.*